1   DAVID M. WALSH (CA SBN 120761)
    DWalsh@mofo.com
2   KAI S. BARTOLOMEO (CA SBN 264033)
    KBartolomeo@mofo.com
3   MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
4   Los Angeles, California  90017-3543
    Telephone: 213.892.5200
5   Facsimile: 213.892.5454

6   TIFFANY CHEUNG (CA SBN 211497)
    TCheung@mofo.com
7   MORRISON & FOERSTER LLP
    425 Market Street
8   San Francisco, California  94105-2482
    Telephone:  415.268.7000
9   Facsimile:  415.268.7522

10  Attorneys for Defendant
    APPLE INC.

11

12                      UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14

15  ADAM BACKHAUT, BOUAKHAY JOY        Case No.   CV 14-2285 LHK
16  BACKHAUT, and KENNETH MORRIS, on
    behalf of themselves and all others similarly   **CLASS ACTION**
17  situated,
                                       **DECLARATION OF SCOTT B.**
18              Plaintiffs,            **MURRAY ON BEHALF OF**
                                       **APPLE INC. IN SUPPORT OF**
19       v.                            **PLAINTIFFS'**
                                       **ADMINISTRATIVE MOTION TO**
20  APPLE INC.,                        **FILE PORTIONS OF**
                                       **PLAINTIFFS' MOTION FOR**
21              Defendant.             **CLASS CERTIFICATION**
                                       **UNDER SEAL**
22
                                       **[L.R. 79-5(B)-(D)]**
23
                                       Hon. Lucy H. Koh
24                                     Complaint Filed:  May 16, 2014
                                       FAC Filed:  December 10, 2014
25                                     Trial Date:  May 9, 2016, at 9:00 a.m.

26

27

28

I, SCOTT B. MURRAY, declare:

1. I am a Senior Litigation Counsel at Apple Inc. ("Apple").  Pursuant to Civil Local Rule 79-5(d) and the Stipulated Protective Order granted by the Court on May 1, 2015 (ECF No.46, granting Defendant's Motion for Protective Order (ECF No. 43-3)), I submit this Declaration in Support of Plaintiffs' Administrative Motion to file under seal portions of their Motion for Class Certification ("Class Certification Motion"), portions of the Declaration of Joshua C. Ezrin in support thereof ("Ezrin Class Certification Motion Declaration"), and exhibits attached thereto. (ECF No. 50.)  The requested relief is narrowly tailored and necessary to protect the confidentiality of certain Apple information relied upon by Plaintiffs in their Class Certification Motion.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them.

2. The exhibit numbers set forth below refer to documents filed provisionally under seal as attachments to the Ezrin Class Certification Motion Declaration.  (ECF No. 50.)

3. Apple respectfully requests that the below-referenced documents attached to Mr. Ezrin's declaration remain under seal due to their confidential nature and that any references to or discussion of them in Plaintiffs' publicly-filed, redacted version of their Class Certification Motion and Ezrin Class Certification Motion Declaration remain redacted.  These documents constitute, reflect, contain, or discuss confidential information that is protectable as trade secret or otherwise entitled to protection under the law.  I respectfully submit that the presumption of access to judicial records does not apply here because the documents at issue are being filed in connection with a non-dispositive motion (*see In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012)[1]), and therefore the appropriate legal

---

[1] *See also In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 U.S. Dist. LEXIS 6606, at *8 (N.D. Cal. Jan. 15, 2013) ("Plaintiffs' Motion for Class Certification is a nondispositive motion.  Therefore, the parties need only demonstrate 'good cause' in order to support their requests to seal."); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-cv-01967 CW (NC), 2013 U.S. Dist. LEXIS 85375, at *11 (N.D. Cal. June 17, 2013) ("Courts in this district have generally considered motions for class certification nondispositive.").

standard is "good cause," which Apple respectfully submits is satisfied.  *See Kamakana v. City &*
*Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("A 'good cause' showing will suffice to
seal documents produced in discovery. Fed. R. Civ. P. 26(c) (stating that if 'good cause' is
shown in discovery, a district court may issue 'any order which justice requires to protect a party
or person from annoyance, embarrassment, oppression, or undue burden or expense').").

**Confidential Information Regarding iMessage Technology, Systems, and Engineering**

4.  *Exhibits B, C, D, E, and M* are excerpts of deposition transcripts of current Apple
employees, including Apple engineers and customer relations personnel.  The excerpted
testimony discusses proprietary business, engineering, and technical information relating to the
iMessage service, an important, proprietary Apple technology.  The testimony concerns highly
confidential issues relating to iMessage, including the identification, investigation, and resolution
of technical reports or incidents.  The testimony also contains highly confidential information
relating to iMessage's technical processes and functionality.  These documents reflect sensitive
internal business discussions, confidential engineering strategy, and proprietary details about
iMessage technology, which could be used by Apple's competitors to Apple's disadvantage.  In
addition to competitive harm, disclosure of these kinds of documents may have a chilling effect
on internal business and engineering discussions.

5.  It is Apple's policy not to disclose the information described above, which is confidential
to Apple.  Apple treats this information as confidential in the ordinary course of business.  Apple
is well-known for its corporate culture of carefully maintaining the confidentiality of its business
information and customer records.

**Confidential Information Regarding Apple's Internal Policies and Customer Service**

6.  *Exhibits F, G, M, O, P, Q, R, S, T, U, X, Y, Z, AA, BB, and DD*[2] reflect Apple's
confidential internal policies, procedures, and reporting regarding iMessage's customer service

---

[2] Plaintiffs have properly redacted Exhibit DD in their sealed motion.  However, neither
their Administrative Motion to File Portions of Plaintiff's Motion for Class Certification Under
Seal nor their [Proposed] Order list this exhibit.  Plaintiff's [Proposed] Order incorrectly
identifies Exhibit BB, mislabeling it as a repeat of Exhibit Q, and then fails to list Exhibit DD.

and support issues.  Many are internal Apple emails discussing customer service issues and discussing requests from wireless carriers regarding Apple technical issues.  Portions of Exhibit M (excerpts from the deposition transcript of Apple witness William S. Heilman) and Exhibit BB (excerpts from the 30(b)(6) deposition transcript of Apple witness Laura Heckman) contain confidential information regarding Apple's internal policies and procedures regarding customer support.  Ms. Heckman's deposition transcript, for example, includes testimony regarding non-public aspects of Apple's relationship with cellular carriers and non-public information relating to iMessage deregistration.  Disclosure of such documents may cause Apple competitive harm and have a chilling effect on internal business discussions.

7.  It is Apple's policy not to disclose the information described above, which is confidential to Apple.  Apple treats this information as confidential in the ordinary course of business.  Apple is well-known for its corporate culture of carefully maintaining the confidentiality of its business information and customer records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22 day of May 2015, at Sunnyvale, California.

_____
Scott B. Murray