UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADAM BACKHAUT, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br><br>         Defendant. | Case No. 14-CV-02285-LHK<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR REVIEW OF THE CLERK'S ORDER ON DEFENDANT'S BILL OF COSTS**<br><br>Re: Dkt. No. 127 |

Before the Court is a motion filed by Plaintiffs Adam Backhaut and Kenneth Morris ("Plaintiffs") for review of the Clerk's taxation of costs. ECF No. 127. Having reviewed the parties' submissions, the record in this case, and the relevant law, the Court DENIES Plaintiffs' motion.

## I. BACKGROUND

Defendant Apple, Inc., a California corporation headquartered in Cupertino, California is the "designer and seller" of the iPhone and other mobile devices that run "Apple's proprietary mobile operating system." First Am. Compl. ("FAC"), ECF No. 29, ¶¶ 7, 35. Apple's mobile operating system is known as "iOS" and its first iteration was released on June 29, 2007. *Id.* ¶ 7.

1   On October 12, 2011, Apple released iOS 5, which included a "proprietary messaging service
2   known as 'iMessage'" that runs on a client application called "Messages." *Id.* ¶¶ 8–9. Plaintiff
3   Adam Backhaut is a resident of Michigan who purchased an iPhone in December 2012. *Id.* ¶¶ 33,
4   39, 40. Plaintiff Morris is a resident of California who purchased his last iPhone in October 2012.
5   *Id.* ¶¶ 34, 47. Plaintiffs both used Apple's iMessage and Messages application on their iPhones.
6   Plaintiffs Backhaut and Morris switched from Apple iPhones to non-Apple phones in December
7   2013 and December 2012 respectively. *Id.* ¶¶ 41, 47.

8   Plaintiffs allege that Apple, through its iMessage and Messages applications, "intentionally
9   intercepted the electronic communications of Plaintiffs" after Plaintiffs switched to non-Apple
10  phones, and that Apple "intercepts the text messages immediately after they are sent by current
11  iPhone/iMessage Users." *Id.* ¶¶ 62–63. Plaintiffs contend that Apple wrongfully "receives and
12  stores these messages through the employment of a . . . device under" the Wiretap Act. *Id.* ¶ 64.
13  Plaintiffs further allege that these unlawful business practices support claims under California's
14  Unfair Competition Law ("UCL"). *Id.* ¶ 68. Plaintiffs also allege that these business practices
15  constitute "unfair" business practices under the UCL for violation of "established legislative goals
16  and policies." *Id.* ¶ 72.

17  Plaintiffs filed their original complaint on May 16, 2014. ECF No. 1. Defendant filed a
18  motion to dismiss on August 18, 2014. ECF No. 12. On November 19, 2014, the Court granted in
19  part and denied in part Defendant's motion to dismiss. ECF No. 27.

20  Plaintiffs filed their First Amended Complaint on December 10, 2014. ECF No. 29.
21  Defendant filed an answer on January 7, 2015. ECF No. 31.

22  Plaintiffs filed a motion for class certification on May 28, 2015, which the Court denied on
23  August 13, 2015. ECF No. 89. Plaintiffs filed a motion for leave to file a motion for
24  reconsideration of the Court's August 13 order denying class certification on August 27, 2015,
25  which the Court denied on November 30, 2015. ECF No. 110.

26  On August 8, 2015, Defendant filed a motion for summary judgment on all claims in the

2
Case No. 14-CV-02285-LHK
ORDER DENYING PLAINTIFFS' MOTION FOR REVIEW OF THE CLERK'S ORDER ON DEFENDANT'S BILL OF COSTS

1  First Amended Complaint, which the Court granted on November 30, 2015.  ECF No. 110.  The

2  Court subsequently entered judgment for Defendant.  ECF No. 116.  Plaintiffs filed a notice of

3  appeal to the Ninth Circuit Court of Appeals on December 23, 2015.  ECF No. 117.

4  Defendant filed its Bill of Costs on January 5, 2016 and requested $30,685.79 in costs.

5  ECF No. 121.  Plaintiffs filed objections to the Bill of Costs on January 19, 2016.  ECF No. 123.

6  On March 30, 2016, the Clerk of Court disallowed $19,055.91 in requested costs and taxed

7  Plaintiffs the remaining $11,629.88 in costs.  ECF No. 126.  On April 6, 2016, Plaintiffs filed the

8  instant motion for review of the Clerk's taxation of costs.  ECF No. 127.  Defendant filed a

9  response on April 20, 2016, ECF No. 129, and Plaintiffs filed a reply on April 27, 2016, ECF No.

10  131.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) creates a presumption that the prevailing party will be awarded its taxable costs.  *See Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006) ("Under Federal Rule of Civil Procedure 54(d), there is a presumption that the prevailing party will be awarded its taxable costs."); *see also* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").

The Ninth Circuit has described the presumption in favor of awarding costs to the prevailing party as a "strong presumption" with a heavy burden on the non-prevailing party to show why taxable costs are not recoverable.  *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003); *see also Stanley v. Univ. of S. Calif.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (burden is on the losing party to demonstrate why costs should not be awarded).  A district court need not give reasons for abiding by the presumption and awarding taxable costs to the prevailing party.  *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) ("The presumption itself provides all the reason a court needs for awarding costs.").  On the other hand, a district court

must "specify reasons" for refusing to award taxable costs to the prevailing party. *Id.* The Court must "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Champion Produce, Inc. v. Rudy Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (internal quotation marks omitted). "Sufficiently persuasive" reasons that the Ninth Circuit has approved as a basis for refusing to award taxable costs include: the losing party's limited financial resources; misconduct by the prevailing party; the importance and complexity of the issues; the merit of the plaintiff's case; and, in civil rights cases, the chilling effect on future litigants of imposing high costs. *See id.* at 1022-23; *Save Our Valley*, 335 F.3d at 945; *Assoc. of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000) (en banc).

## III. DISCUSSION

Plaintiffs ask the Court to exercise its discretion to either defer any decision on costs until after Plaintiffs' appeal on the merits is resolved or to reject Apple's Bill of Costs.

First, as to Plaintiffs' request that the Court defer ruling on costs, pursuant to the Advisory Committee Notes for Federal Rule of Civil Procedure 54(d), "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d) advisory committee notes on 1993 amendments. Courts within the Ninth Circuit have routinely applied this committee note to claims for costs as well as for fees. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2014 WL 4745933, at *4 (N.D. Cal. Sept. 19, 2014) (exercising its discretion and finding no basis to defer a decision on the bill of costs pending defendants' appeal); *Friends of Tahoe Forest Access v. U.S. Dep't of Agric.*, No. 12-1876, 2014 WL 1575622, at *1 (E.D. Cal. Apr. 17, 2014) (exercising its discretion and finding no basis to defer a decision on the bill of costs pending plaintiffs' appeal).

Although the Court acknowledges that it has the discretion to defer a decision on costs pending resolution of Plaintiffs' appeal, the Court declines to exercise this discretion. The sole

4

Case No. 14-CV-02285-LHK
ORDER DENYING PLAINTIFFS' MOTION FOR REVIEW OF THE CLERK'S ORDER ON DEFENDANT'S BILL OF COSTS

justification Plaintiffs offer for deferring a decision on costs is that of judicial economy. *See* ECF No. 127 at 5-6. However, the Court concludes that Plaintiffs' concern over the Court's resources is insufficient to defer resolving the pending dispute regarding Defendant's Bill of Costs.

The Court turns next to Plaintiffs' request that the Court reject Defendant's Bill of Costs in its entirety. Plaintiffs argue that the Court should reject Defendant's costs (1) because of the economic disparity between Plaintiffs and Defendant; (2) because an award of costs would "chill" future lawsuits seeking to enforce the Wiretap Act; (3) because the case involves complex issues with Defendant's iMessage technology; (4) because Plaintiffs brought the case in good faith; and (5) because the case had the potential to be a landmark case for consumer privacy. The Court does not find the justifications offered by Plaintiffs sufficient to meet the heavy burden placed upon Plaintiffs to overcome the "strong presumption" in favor of awarding costs to the prevailing party. *Miles*, 320 F.3d at 988.

Although the Court need not give reasons for abiding by the presumption and awarding taxable costs to the prevailing party, *Save Our Valley*, 335 F.3d at 945, the Court notes that Plaintiffs concede that Plaintiffs are not indigent, ECF No. 131 at 6, and that Plaintiffs do not argue that Plaintiffs have limited financial resources nor that the costs award would pose an economic hardship to either Plaintiff, ECF Nos. 127, 131. Instead, Plaintiffs argue that Defendant's wealth is so great that Plaintiffs should not be required to reimburse Defendant for costs. Absent any showing that the costs award, which has already been reduced from $30,685.79 to $11,629.88, would be a financial hardship to the Plaintiffs, Plaintiffs have not identified and the Court has not found any Ninth Circuit law permitting the Court to disallow costs solely based on the prevailing party's wealth. *See Champion Produce*, 342 F.3d at 1022 (noting that the Ninth Circuit has previously approved "a losing party's limited financial resources" as an appropriate reason to deny costs); *Assoc. of Mexican-Am. Educators*, 231 F.3d at 593 (approving the district court's rejection of defendant's bill of costs in part because "[t]he record demonstrates that [the plaintiffs'] resources are limited"); *Stanley*, 178 F.3d at 1079 ("District courts should consider the

5
Case No. 14-CV-02285-LHK
ORDER DENYING PLAINTIFFS' MOTION FOR REVIEW OF THE CLERK'S ORDER ON DEFENDANT'S BILL OF COSTS

financial resources of the plaintiff and the amount of costs in civil rights cases.").

Furthermore, to the extent the instant lawsuit to enforce the Wiretap Act can be considered a civil rights case, the Court is unpersuaded that an award of costs to Defendant in the instant lawsuit would chill future Wiretap Act cases in light of the facts that the cost award has already been reduced to $11,629.88 and Plaintiffs are admittedly able to pay the costs award without apparent financial hardship.  *See* ECF No. 131 at 6 ("Plaintiffs cannot claim to be indigent."); *see also Assoc. of Mexican-Am. Educators*, 231 F.3d at 593 ("We do not mean to suggest that the presumption in favor of awarding costs to prevailing parties does not apply to defendants in civil rights actions.").

## IV. CONCLUSION

Plaintiffs' motion for review of the Clerk's order on Defendant's bill of costs is DENIED. The Court taxes Plaintiffs $11,629.88 in costs.

**IT IS SO ORDERED.**

Dated: June 14, 2016

*[signature: Lucy H. Koh]*

LUCY H. KOH
United States District Judge

Case No. 14-CV-02285-LHK
ORDER DENYING PLAINTIFFS' MOTION FOR REVIEW OF THE CLERK'S ORDER ON DEFENDANT'S BILL OF COSTS